# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GUY JONES, Jr. CONSTRUCTION CO.**                                 **PLAINTIFF**

**V.**                                                                                             **CASE NO. 4:05CV61**

**ZURICH-AMERICAN INSURANCE GROUP**                             **DEFENDANT**

## ORDER

This cause comes before the Court on the plaintiff's motion, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Leflore County. The Court has reviewed the briefs and exhibits and is prepared to rule.

Plaintiff filed this action seeking recovery for damages arising out of the denial of a storm damage insurance claim which it filed with defendant. Defendant subsequently removed the case to this court, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. The parties agree that complete diversity exists between them, and the sole issue for resolution is whether the amount in controversy exceeds $75,000. According to the Fifth Circuit:

> [T]here are two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. However, removal may not be based simply upon conclusory allegations.

*Beichler v. Citigroup, Inc.*, 241 F.Supp. 2d 696, 699 (S.D. Miss. 2003)(discussing standard articulated by *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). The Fifth Circuit has also provided these additional guidelines for determining whether the amount in controversy requirement is met:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum].

*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). If the defendant proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, then the burden shifts to the plaintiff, who must prove to a legal certainty that the amount in controversy does not exceed the jurisdictional amount in order to defeat jurisdiction. *Beichler*, 241 F.Supp. 2d at 700-01.

In this case, plaintiff's complaint contains language seeking $25,000 in compensatory damages and an indeterminate amount of punitive damages. Standing alone, the request of such an unspecified sum of damages clearly does not suffice to establish to a "legal certainty" that plaintiff will neither seek nor accept any award in excess of the jurisdictional amount. However, in its motion to remand, plaintiff represents that it "specifically limits its damages, including punitive damages, to $74,999.00." This court will accept this statement as a solemn representation from plaintiff that it will neither seek *nor accept* any award in excess of $74,999.00. The court would note, however, that at least one plaintiff, in another case, represented in federal court that she would not seek damages in excess of the jurisdictional amount, only to later attempt to accept a state court jury's award of $ 1 million. *See Wilson v. GMAC,* 883 So. 2d 56 (Miss. 2004). The court trusts that nothing similar will occur in this case.

If plaintiff herein should wish to reserve the right to *accept* a jury award in excess of $74,999.00, then it should so notify this court within ten (10) days of this order, and this court will

retain jurisdiction over this case. Barring such, however, the court will accept plaintiff's assertion that it will neither seek nor accept any jury award in excess of $74,999.00 as a solemn representation to this court. With this understanding, the court concludes that the amount in controversy requirement is not met in this case, and plaintiff's motion to remand is therefore due to be granted.

In light of the foregoing, it is hereby ORDERED that plaintiffs' motion for remand [10-1] is GRANTED, and this case is hereby remanded to the Circuit Court of Leflore County.

This is the 13th day of July, 2006.

                                        **/s/ Michael P. Mills**
                                        **UNITED STATES DISTRICT JUDGE**